# Court of Appeals
# of the State of Georgia

ATLANTA, June 16, 2014

*The Court of Appeals hereby passes the following order:*

## A14A1597. KARLA BELLI LEAVENWORTH v. ROBERT W. LEAVENWORTH et al.

This case has appeared before this Court on several occasions. Karla Leavenworth and Robert Leavenworth were divorced in 2004. In 2005, Robert Leavenworth purchased a condo and, on January 5, 2007, a deed in lieu of foreclosure was executed from Robert Leavenworth to David Leavenworth. On January 8, 2007, Karla Leavenworth executed a fifa for $27,000 in arrearage payments she believed were owed to her under the divorce decree. She filed this case to recover on the arrearage payments and because she believed that David Leavenworth received the deed to prevent her recovery. On August 15, 2008, the trial court granted summary judgment to Robert and David Leavenworth. Karla Leavenworth appealed.

On April 24, 2009, Ann Herrera, who later became the administrator of the estate, filed a Suggestion of Death stating that Karla Leavenworth had passed away and an administrator had not been appointed. We remanded the case so that a proper party could be substituted.[1] The remittitur was entered on June 10, 2009. On February 18, 2011, Robert and David Leavenworth moved to dismiss the case because Herrera failed to timely move for the substitution of parties under OCGA § 9-11-25 (a) (1).[2]

---

[1] See *Karla Leavenworth v. Robert Leavenworth et al.*, Case No. A09A0455 (remanded May 15, 2009).

[2] This statute mandates that "[u]nless the motion for substitution is made not later than 180 days after the death is suggested upon the record by service of a statement of the fact of the death, the action shall be dismissed as to the deceased party."

The trial court granted the motion to dismiss, and Herrera appealed.

While the case was on appeal, Herrera moved to have herself, as administrator of the estate, substituted for Karla Leavenworth. However, that motion was denied, and no appeal from that order was filed. On December 2, 2011, this Court dismissed Herrera's appeal because it was filed in the deceased's name and the lack of a valid party nullifies an appeal.[3] Herrera moved for reconsideration, which this Court also denied. On December 22, 2011, Herrera filed her notice of intention to appeal to the Georgia Supreme Court, as well as a motion for new trial in the trial court. The trial court denied Herrera's motion for new trial on February 13, 2012, and Herrera did not appeal the order. Thereafter, on September 10, 2012, the Georgia Supreme Court denied Herrera's Petition for Writ of Certiorari and subsequently denied her motion for reconsideration.[4]

On January 24, 2013, Herrera filed a Motion to Obtain Relief from Judgments pursuant to OCGA § 9-11-60. The trial court denied this motion on April 4, 2013. The trial court also denied Herrera's motion for reconsideration from that order. Herrera then filed a motion for new trial, which the trial court denied on May 10, 2013. Herrera filed an application for discretionary appeal on June 10, 2013, which we denied.[5]

On November 20, 2013, a motion to appoint a substitute plaintiff was filed in the name of Karla Leavenworth. The trial court denied the motion, finding that the case had been over for nearly two years. This appeal followed.

An appeal of an issue that has become moot is subject to dismissal.[6] And a moot issue is one where a ruling is sought on a matter that has no practical effect on

---

[3] See *Karla Leavenworth v. Robert Leavenworth et al.*, Case No. A11A2145.

[4] See *Karla Leavenworth v. Robert Leavenworth et al.*, Case No. S12C0718.

[5] See *Ann Herrera, Administrator for the Deceased Karla Leavenworth v. Robert Leavenworth et al.*, Application No. A13D0419 (denied July 2, 2013).

[6] See OCGA § 5-6-48 (b) (3).

the alleged controversy or where the issues have ceased to exist.[7] Here, the issue regarding a substitution of party has been exhaustively addressed and appealed, and the issue has been resolved against Ann Herrera. The trial court correctly ordered that the subsequent motion to substitute a plaintiff, brought in the name of an individual who has been deceased since 2009, is moot. Thus, any ruling by this Court would have no practical effect. Under these circumstances, the appeal is moot, and it is therefore DISMISSED.[8]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/16/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

---

[7] See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997).

[8] See OCGA § 5-6-48 (b) (3).